The Honorable Art Givens State Representative 300 Spring Bldg., Suite 1004 Little Rock, AR 72201
Dear Representative Givens:
This is in response to your request for an opinion regarding the Arkansas Nonprofit Corporation Act, which is codified at A.C.A. §4-28-201 et seq. (1987 and Supp. 1989). Your specific questions are as follows:
 1. Is the Secretary of State of the State of Arkansas obligated to respond to an aggrieved citizen who makes complaint to the Secretary of State with reference to alleged violations under the statutes dealing with non-profit corporations?
 2. Do the statutes (A.C.A. §§ 4-28-201 through -223) governing non-profit corporations require the Secretary of State to promulgate certain rules and regulations to enforce the statutory law with reference to non-profit corporations, so that the average citizen will have a procedure to cause non-profit corporations to abide by the law?
 3. If a non-profit corporation refuses to count proxy votes in accordance with A.C.A. § 4-28-212, is the Secretary of State under an obligation to order the non-profit corporation to count proxy votes, or in the alternative, may the Secretary of State void an election where proxy votes were not permitted, and demand that the non-profit corporation hold a new election, or in the alternative, surrender its non-profit charter?
With regard to your first question, our review of these Code sections does not reveal a requirement or obligation in this regard. While citizen input could, it seems, provide a helpful means of gathering information, the Secretary of State is not statutorily obligated to respond to citizen complaints. It must therefore be concluded that the answer to your first question is "no."
The answer to your second question is also "no." The act imposes no requirement upon the Secretary of State in connection with the promulgation of rules and regulations.
With regard to your final question involving proxy votes, it does not appear that the Secretary of State's administrative duties under the act include any of these courses of action. The provisions governing proxy votes (A.C.A. §§ 4-28-212 and -224 (Supp. 1989)) do not vest the Secretary of State with this authority; nor, in my opinion, may it reasonably be concluded that authority to this effect is included within the Secretary of State's general administrative powers and duties. See A.C.A. §4-28-216. Such authority to order that proxy votes be counted, or to void an election or order the surrender of a charter would, in my opinion, have to clearly appear under the act, particularly in light of the act's validation of corporate action based on rejection of a vote "unless a court of competent jurisdiction determines otherwise." A.C.A. § 4-28-224(e) (Supp. 1989). Reference should also be made to the procedures governing involuntary dissolution (A.C.A. § 4-28-222), which do not include the Secretary of State as an officer vested with authority to initiate such action. The answer to your third question is, therefore, in my opinion, "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh